IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ryan Smith, | ) | No. CV 06-599-TUC-HCE (FRZ) |
| | ) | |
| Plaintiff, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| National Millworks; et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Defendant National Millworks' Motion to Dismiss.  For the following reasons, the Magistrate Judge recommends that the District Court grant Defendant National Millworks' Motion.

## I.      FACTUAL & PROCEDURAL BACKGROUND

Plaintiff, through counsel, filed this action in Santa Clara County Superior Court, California.  Plaintiff names as Defendants: (1) National Millworks; an Arizona corporation, where Plaintiff was employed during the time relevant to his claims; and (2) Robert Stiemke, a foreman employed by National Millworks during Plaintiff's employment with that company.  Plaintiff alleges the following five causes of action arising out of his employment with National Millworks: false imprisonment; battery; sexual battery; sexual harassment; and retaliation in violation of California statute.   On July 11, 2006, Defendant National Millworks removed the action to the United States District Court for the Northern District

of California based upon diversity of citizenship.[1]  On October 24, 2006, Arne D. Wagner and Matthew Borden of Calvo & Clark, LLP, entered a Notice of Appearance on behalf of Defendant National Millworks Corporation.  On November 15, 2006, the California District Court transferred this action to this Court pursuant to 28 U.S.C. § 1391(a)(1) "for the convenience of the parties and witnesses and in the interest of justice."  (November 15, 2006 Order from the United States District Court for the Northen District of California) The November 15, 2006 transfer order was filed by the Clerk of this Court on December 5, 2006.

On December 14, 2006, Defendant National Millworks filed a Motion for Substitution of Counsel requesting that the Court allow Arizona counsel to replace Defendant National Millworks' California counsel.  On December 18, 2006, the Court granted Defendant National Millworks' Motion for Substitution of Counsel, thus terminating representation of National Millworks' by the Calvo and Clark law firm.

On December 18, 2006, Defendant National Millworks filed the pending Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  Defendant National Millworks asserts: "[i]t is National Millworks' understanding that Plaintiffs [sic] have never served Mr. Stiemke with a summons or complaint (this office does not represent Mr. Stiemke), but regardless of what happens with Stiemke individually, Smith has failed to state claims for liability against National Millworks.  This Court

---

[1]The Notice of Removal was filed by attorney Matthew Borden of Calvo and Clark, LLP, located in San Francisco, California.  The Notice of Removal indicates that Mr. Borden and Calvo and Clark are: "Attorneys for Defendants ROBERT STEIMKE [sic]AND NATIONAL MILLWORKS CORPORATION."  (July 11, 2006 Notice of Removal)  The Notice of Removal reflects that Mr. Stiemke "has not been served"; is a citizen and resident of Arizona;  and that "[b]ecause Mr. Steimke [sic] has not been served, his joinder in the removal is unnecessary.  *Salveson v. W. States Bankcard Ass'n,* 731 F.2d 1423, 1429 (9th Cir. 1984) *overruled by statute on other grounds* ('Our circuit rule is that a party not served need not be joined; the defendants summonsed may [sic] remove by themselves.')...." (Id. at pp. 2, 4)

accordingly must dismiss the claims against National Millworks."[2]  (Defendant National Millworks' Motion to Dismiss, p.6) Defendant National Millworks sent the Motion to Plaintiff's California counsel and Plaintiff.  (Motion, p. 12)

In December 2006, the Clerk of Court's Attorney Admissions Clerk contacted Plaintiff's California counsel in writing to inform them of the pro hac vice admission requirements of this Court. Additionally, through phone contact with Plaintiff's California counsel, the Attorney Admissions Clerk advised counsel about the admission requirements as well as the need for counsel to become admitted pro hac vice or to arrange for other admitted counsel to appear.

On February 1, 2007, the Court entered an Order to Show Cause for Plaintiff's failure to file an election form indicating either written consent to the exercise of the Magistrate Judge or  electing reassignment to a district judge.   Additionally, the Court set a March 5, 2007 hearing before the Honorable John M. Roll, Chief United States District Judge. (February 1, 2007 Order)  Plaintiff was advised that if he made an election  before March 1, 2007, the March 5, 2007 hearing would be vacated.  (Id.)  The February 1, 2007 Order was mailed to Plaintiff's California counsel.  (February 1, 2007 docket entry)  Plaintiff did not file an election form and the matter came on for hearing before Chief Judge Roll on March 5, 2007.  Neither Plaintiff nor counsel on his behalf appeared at the March 5, 2007 hearing. (March 5, 2007 Order)  Chief Judge Roll ordered that the case be reassigned to a district

---

[2]To date, the record does not reflect that Defendant Stiemke has been served.  Plaintiff initiated this action on March 27, 2006 in California state court.  The Complaint named National Millworks and Mr. Stiemke as defendants.  Both parties were identified in the "General Allegations" section of the Complaint as Defendants.  (Complaint, p.2) On November 1, 2006, Plaintiff filed an Amended Complaint identifying "NATIONAL MILLWORKS" and "ROBERT STIEMKE" as defendants in the caption.  However, Plaintiff does not identify Mr. Stiemke as a Defendant in the "General Allegations" section of his Amended Complaint.  By separate order, the Court will require Plaintiff to show cause why Defendant Stiemke should not be dismissed in light of Plaintiff's failure to effect service upon him within the time period set forth in Rule 4(m) of the Federal Rules of Civil Procedure.

judge.  (Id.) The action was reassigned to the Honorable Frank R. Zapata who referred this matter to the  undersigned Magistrate Judge.  (Id; March 12, 2007 Order)

On March 16, 2007, Defendant National Millworks filed a Notice of Motion at Issue requesting that the Court grant its Motion to Dismiss pursuant to L.R.Civ. 7.2(i), Rules of Practice of the U.S. District Court for the District of Arizona.  Defendant National Millworks sent its March 16, 2007 Notice of Motion at Issue to Plaintiff's California counsel and to Plaintiff.  (Defendant National Millwork's March 16, 2007 Notice of Motion at Issue, p. 3)

On April 9, 2007, Albie Jachimowicz, one of Plaintiff's California counsel, filed an Application for Admission Pro Hac Vice pursuant to L.R.Civ. 85.1(b)(3), Rules of Practice of the U.S. District Court for the District of Arizona.  The Court granted that Motion on April 12, 2007 and notice of same was sent to Mr. Jachimowicz.

To date, Plaintiff has not responded to Defendant National Millworks' December 18, 2006 Motion to Dismiss.

## II.    DISCUSSION

Pursuant to the Local Rules of Practice of this Court, if a party fails to respond to a pending motion, the Court may deem such failure to respond as "consent to the...granting of the motion and the Court may dispose of the motion summarily."  L.R.Civ. 7.2(i).  The response time for Defendant National Millworks' Motion to Dismiss has expired and Plaintiff has not filed a Response.  *See* L.R.Civ. 7.2(c) (setting forth ten day response time for motions to dismiss other than a motion to dismiss for lack of subject matter jurisdiction).

In the Ninth Circuit, "[f]ailure to follow a district court's local rules is a proper ground for dismissal."  *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir.), *cert. den.,* 516 U.S. 838 (1995). In *Ghazali*, the Ninth Circuit affirmed the Nevada district court's dismissal of an action pursuant to a local rule similar to L.R.Civ. 7.2(i) where the *pro se* plaintiff failed to file an opposition to the defendant's motion to dismiss.  *Id.*  Whether to dismiss an action "pursuant to its local rules" is within the trial court's discretion.  *Id.*  In exercising its discretion, the trial court is "required to weigh several factors: '(1) the public's interest in expeditious resolution

- 4 -

of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id. (quoting Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)).

Herein, the first three factors tip the balance in favor of dismissal. Moreover, although public policy favors disposition of cases on their merits, the record supports dismissal of Plaintiff's claims against National Millworks pursuant to L.R.Civ. 7.2(i) given that: (1) both Plaintiff and his California counsel were served with the Motion in December 2006, more than three months have passed since the expiration of the time to respond, and no response or motion requesting leave to file a late response have been filed; (2) both Plaintiff and California counsel were served with Defendant National Millworks' March 16, 2007 Notice of Motion at Issue requesting that this Court grant the Motion pursuant to L.R.Civ. 7.2(i) and no filing on behalf of Plaintiff regarding the Motion to Dismiss or Notice of Motion at Issue has been submitted; and (3) more than ten days have passed since Mr. Jachimowicz was granted pro hac vice admission and he has made no filing on behalf of Plaintiff concerning the Motion to Dismiss or Notice of Motion at Issue.  Under such circumstances the record supports the conclusion that Plaintiff does not wish to pursue his claims alleged against Defendant National Millworks. Further, Plaintiff's complete failure to respond to the pending Motion to Dismiss or to request a continuance to respond to such Motion supports the conclusion that imposition of less drastic sanctions would not be beneficial.   Accordingly, the instant record considered in light of the five factors set out in *Ghazali* supports granting Defendant National Millworks' Motion to Dismiss pursuant to L.R.Civ. 7.2(i).

## III.    CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that the District Court grant Defendant National Millworks' Motion to Dismiss (Doc. No. 3) pursuant to L.R.Civ. 7.2(i) and all claims against Defendant National Millworks should be dismissed.

- 5 -

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b).  If objections are filed, the parties should use the following case number: **CV 06-599-TUC-FRZ.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 30th day of April, 2007.

_____
Héctor C. Estrada
United States Magistrate Judge